UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**YALE LARRY BALCAR**                                                   **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:17-CV-P25-CRS**

**JEFFERSON COUNTY JUDICAL DIST.** *et al.*              **DEFENDANTS**

### MEMORANDUM OPINION

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against the "Jefferson County Judicial District"; the "Jefferson County District Attorney Office"; Judge Charles Cunningham of the Jefferson County Circuit Court, in both his official and individual capacities; an unnamed prosecutor from the Jefferson County District Attorney's Office;[1] Public Defender Erin Melchior; the "Jefferson County Detention or Jail"; and "Vititow Refrigeration Owner."

Plaintiff alleges that, in 2008, "Vititow Refrigeration" reported to the Laurel County (Kentucky) Attorney that Plaintiff had written "bad checks" to the company. Plaintiff further alleges that this case was "sent to the District Court and then sent to the Laurel County Grand Jury in Dec. of 2008, they vote for a no bill and charges was drop by the court."

---

[1] In the caption of the complaint, Plaintiff simply lists the "Jefferson County District Attorney Office" as a Defendant. However, in the body of the complaint, Plaintiff indicates that he is suing an unnamed prosecutor from this Office.

Plaintiff alleges that Vititow Refrigeration then "filed a warrant in the Jefferson County District Attorney Office, Bad Checks Unit on 7-10-12, . . . about 4 years after the charges drop in London, Ky." Plaintiff states: "This is a very clear case of Double Jeopardy by the Jefferson County Circuit Court and District Attorney of Jefferson County." In the complaint, Plaintiff specifies that it was Brian Lowe, presumably the owner of Vititow Refrigeration whom Plaintiff sues, who brought the same charges against Plaintiff in two courts.

Plaintiff further alleges that Louisville Public Defender Erin Melchior was appointed as his counsel for the case in Louisville. Plaintiff states that he told Defendant Melchior about the case in London (Laurel County) but that she refused to investigate this matter. Plaintiff also indicates that neither Defendant Judge Cunningham nor "the prosecutor" would consider his argument regarding the prior charges. Plaintiff suggests that, as a result, he was wrongfully incarcerated at the Defendant "Jefferson County Detention or Jail" from June 25, 2013, to December 4, 2014, and then placed with the Kentucky Department of Corrections.

Finally, Plaintiff alleges that Vititow Refrigeration "lied to the District Attorney Office when they filed charges on [Plaintiff] on bad checks." Plaintiff states that the checks he wrote to Vititow Refrigeration were "all post date" and that Vititow Refrigeration knew the money was not in Plaintiff's bank account at the time.[2]

As relief, Plaintiff seeks compensatory and punitive damages.

---

[2] In his complaint, Plaintiff also states that he filed another action in this Court, *Balcar v. Smith*, 3:16-cv-P632, and that the Court advised him in that action to file "falsely imprisoned on this case against the Jefferson County Judicial District in Louisville, Ky." and to file a "28 U.S.C. § 2254 on his conviction and double jeopardy." In Civil Action No. 3:16-cv-P632, Plaintiff filed a petition under 28 U.S.C. §2241 for a writ of habeas corpus. Upon initial review of that petition, the Court did indeed dismiss Plaintiff's petition concluding that his claims of "conviction and double jeopardy" should have been brought pursuant to 28 U.S.C. § 2254 because he is in "custody pursuant to the judgment of a State court." (DN 9). However, with regard to his claim for monetary damages based upon false imprisonment, the Court simply advised Plaintiff that "such requests for relief need to brought as a 42 U.S.C. § 1983 action." (Id.).

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants "Jefferson County Judicial District" & "Jefferson County District Attorney Office"

Plaintiff's claims against these two Defendants must be dismissed on two bases. First, a state or its agencies sued for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); s*ee also Jordan v. Commonwealth,* No. 3:09CV-424-M, 2009 U.S. Dist. LEXIS 60930, at *11-12 (W.D. Ky. July 16, 2009) (finding Commonwealth's Attorney's Office is not a "person" subject to suit under § 1983), Thus, because neither the Jefferson County Judicial District nor the Jefferson County District Attorney's Office is a "person" subject to suit under § 1983, the claims against them must be dismissed for failure to state a claim upon which relief can be granted. In addition, claims against a state, its agencies, or its arms of state are barred by the Eleventh Amendment to the United States Constitution. *See Will Mich. Dep't of State Police*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 U.S. App. LEXIS 4709, at *5 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983and section 1985."); *see also McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *5 (6th Cir.

Sept. 20, 1995) (holding dismissal of Kentucky circuit court was proper due to Eleventh Amendment immunity) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987)); *Jordan v. Commonwealth*, 2009 U.S. Dist. LEXIS 60930, at *11-12 (dismissing claim against Commonwealth's Attorney's Office based upon Eleventh Amendment immunity).

### B. Defendant Jefferson County Circuit Court Judge Charles Cunningham

Plaintiff indicates that he is suing Judge Cunningham in both his official and individual capacities. Plaintiff's official-capacity claim against Judge Cunningham fails because state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks money damages from a state official in his official-capacity, he fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claim against Judge Cunningham also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, also barred by the Eleventh Amendment. S*ee Kentucky v. Graham*, 473 U.S. at 166, 169; *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Moreover, Plaintiff's individual-capacity claim against Judge Cunningham fails because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*,

5

435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Here, Plaintiff alleges that Judge Cunningham failed to consider whether he had been previously charged with the same crime in a different county. Thus, Plaintiff's complaint against Judge Cunningham relates only to actions taken by Judge Cunningham in his judicial capacity and within his jurisdictional authority. Consequently, Plaintiff's individual-capacity claim against Judge Cunningham is barred by judicial immunity and also must be dismissed.

### C. Defendant Unknown Prosecutor

Plaintiff does not state in what capacity he sues the unknown prosecutor from the "Jefferson County District Attorney Office." However, a claim against the prosecutor in either capacity would fail. If Plaintiff's suit is against the prosecutor in his official capacity, it fails for the same reasons Plaintiff's official-capacity claim against Defendant Judge Cunningham fails. *See, e.g.*, *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). If Plaintiff's claim is against the unknown prosecutor in his individual capacity, his claim would still fail because Plaintiff's allegations against him are based upon his role as an advocate for the Commonwealth. Prosecutorial defendants acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged

commission of perjury before the grand jury). Thus, Plaintiff's claims against the unknown prosecutor must be dismissed.

### D. Defendant Public Defender Erin Melchior

Plaintiff also fails to state a § 1983 claim against Defendant Melchior because his allegations are based upon her role of representing him in a criminal proceeding. Although the Department of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, it is firmly established that a defense attorney, regardless of whether he is a public defender, is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Although an exception exists if a defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *Tower v. Glover*, 467 U.S. 914, 920-23 (1984), Plaintiff makes no such allegation, and, therefore, his claim against her must be dismissed.

### E. Defendant "Jefferson County Detention or Jail"

The official name of the "Jefferson County Detention or Jail" is the "Louisville Metro Department of Corrections" (LMDC). However, the LMDC is not an entity subject to suit, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), and the claims against it are actually against the Louisville Metro Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); s*ee also Fambrough v. Vaught*, No. 4:06CV-P130-

M, 2007 U.S. Dist. LEXIS 20679, at *1 (W.D. Ky. Mar. 21, 2007) (holding that "the claims against the detention center are . . . against [the county] as the real party in interest"); *Smallwood v. Jefferson Cty. Gov't,* 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

In the instant case, Plaintiff fails to allege a Louisville Metro Government policy or custom related to the alleged violations of his constitutional rights. The complaint, therefore, fails to state a claim against the Louisville Metro Government.

### F. Defendant Vititow Refrigeration Owner

Finally, in the caption of Plaintiff's complaint, Plaintiff indicates that he is suing "Vititow Refrigeration Owner." In the body of his complaint, Plaintiff seems to indicate that this individual is Brian Lowe and that states that Mr. Lowe is the one who brought charges against him in two different courts.

A private citizen, however, is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). The law is clear that "providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Briscoe v. Lahue*, 460 U.S. 325, 329 (1983)). Thus, Plaintiff's § 1983 claims against the owner of Vititow Refrigeration also fail to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: March 28, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4411.011

10